[Civ. No. 7292.   First Appellate District, Division One.—October 7, 1930.]

L. R. BAIRD, Appellant, v. A. W. McLEAN, Respondent.

F. C. Heffron and George H. Stone for Appellant.

Elmer D. Jensen and Anson Hilton for Respondent.

KNIGHT, J.—This action was brought by the receiver of an insolvent North Dakota state bank to recover the sum of one thousand dollars on a stockholder's liability created by the statute of that state. Judgment was given for the defendant, and plaintiff appeals. The determinative question presented relates to the legal effect of, and the sufficiency of the evidence to sustain, the trial court's finding that defendant was not at any time the owner of the stock.

Briefly stated, the essential facts are as follows: On January 16, 1919, while the defendant McLean was serving as an officer in the army in France his brother-in-law, named Rother, who was president of said bank, placed ten shares of the bank's stock, for his own convenience, in McLean's name on the books of the bank. McLean knew nothing about the matter until October, 1924. At that time he was living in California, and he received a letter from Rother, stating what he had done, and adding that if McLean would permit the balance of his account which he had been carrying with the bank to remain there, he, Rother, would continue to let the stock remain in McLean's name. McLean replied immediately, stating that he had established a permanent residence in California, that he wanted to use his money here, and that consequently he did not wish to accept the stock. Shortly afterward Rother sent him a certificate representing the stock which he was asked to indorse in blank, so that the matter could be straightened out on the books of the bank. McLean indorsed the certificate as requested and returned it at once to Rother, the indorsement thereon bearing date of November 12, 1924. The transfer of the stock was made on the books of the bank

accordingly. The bank failed October 29, 1925, and two months thereafter an assessment was levied on the stock. Under the North Dakota statute a stockholder's liability continues for one year after the transfer of the stock. After returning the indorsed certificate McLean heard nothing more about the matter until some time subsequent to the bank's failure and the levy of the assessment, at which time he was notified that he was expected to pay the assessment.

The evidence further shows that, as required by the statute of that state, the president and cashier of the bank filed with the bank examiner and auditor, twice each year, a verified list of the stockholders of the bank, which included McLean's name during the time the stock stood in his name on the books of the bank; also that in 1919 a dividend was declared, and that during the years 1920, 1921 and 1922 annual meetings of the stockholders were held, at which the stock in question was represented. But admittedly, at no time did McLean have any knowledge of the filing of said lists, nor of the contents thereof; nor did he ever receive any part of the dividend; nor was he aware of the stockholders' meetings; nor does it appear from the record by whom or under what circumstances the stock was represented at said meetings.

In view of the foregoing facts, we find no reason to disturb the judgment. ▇ As held in *Schlitz* v. *Thomas,* 61 Cal. App. 635 [216 Pac. 51], in cases such as this where ownership of stock is denied, the liability "is not based upon ownership, but upon estoppel to deny such ownership, and to establish it the elements of an estoppel must be shown". In the present case, as will be observed, there is no evidence whatever establishing, even inferentially, any element of estoppel.

▇ Appellant contends, however, that even conceding that defendant never was the owner of the stock, his voluntary act in indorsing the certificate rendered him "just as liable to the creditors of said bank as if it were conclusively established that he was the owner of said stock . . . "; and as supporting such contention appellant relies mainly upon the case of *O'Connor* v. *Witherby,* 111 Cal. 529 [44 Pac. 227, 229], wherein it was held with reference to the peculiar facts of the case that the indorsement of the certifi-

cates of stock by the defendant therein was "conclusive evidence by his own admission that he knew or ought to have known that they had been issued to him". But the facts of that case are far different from those of the present one, for there, as the decision plainly states, the party denying ownership of the stock certificates was a director and vice-president of the bank, and attended the directors' meetings and gave advice as to the bank's business; and the court said, therefore, that under such circumstances he "certainly ought to have known his relation to it". As will be seen from an examination of the decision in that case the court made no attempt to declare a broad, inflexible rule to apply in all cases that the single act of indorsing a certificate of stock shall of itself constitute conclusive evidence of ownership. Indeed in that very case it was said: "Of course a man cannot be made liable to the creditors of a bank merely because, without his knowledge and under circumstances which did not put him on inquiry, someone had, without authority, caused some stock to be issued in his name." That is the situation here, and the evidence shows without dispute that immediately upon learning that the stock was standing in his name, McLean adopted the only possible course open to him to clear the records of the bank by indorsing the certificate in blank and returning it to the president of the bank; and this was done more than eleven months before the bank failed and long prior to the levy of the assessment on the stock. Surely, under those circumstances it cannot be fairly held that McLean was estopped from asserting the truth as to the ownership of the stock.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 26, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1930.